IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MOUNTAIN CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: 22-cv-2705<br><br>Judge Matthew F. Kennelly |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on THE MOUNTAIN CORPORATION's Motion for a Preliminary Injunction, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants identified in Schedule A attached hereto (collectively, the "Defendants"). The Court notes that it has denied the request for a preliminary injunction as to defendant "drindf" (defendant number 115) and accordingly has eliminated that defendant from Schedule A.

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's THE MOUNTAIN Trademarks (the "THE MOUNTAIN Products").

1

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has made a *prima facie* showing of trademark infringement because (1) THE MOUNTAIN Trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register as U.S. Trademark Registration Nos. 2,208,744; 2,375,180; 2,963,164; 4,161,566; 4,625,751; 4,642,009; 4,650,219; 4,660,115; 4,918,335; 4,960,892; 4,960,893; 5,121,111; 5,134,287; 5,134,288; and 5,782,637 for THE MOUNTAIN marks, (2) Defendants are not licensed or authorized to use THE MOUNTAIN Trademarks, and (3) Defendants' use of THE MOUNTAIN Trademarks are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with THE MOUNTAIN CORPORATION. Furthermore, Defendants' continued and unauthorized use of THE MOUNTAIN Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

    a. using Plaintiff's THE MOUNTAIN Trademarks or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine THE MOUNTAIN Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's THE MOUNTAIN Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine THE MOUNTAIN Product or other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's THE MOUNTAIN Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's THE MOUNTAIN Trademarks and damaging Plaintiff's goodwill;

    e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's THE MOUNTAIN

        Trademarks or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof;

    f.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell Counterfeit THE MOUNTAIN Products; and

    g.    operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's THE MOUNTAIN Trademarks or any confusingly similar reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine THE MOUNTAIN Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's THE MOUNTAIN Trademarks.

2.    Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that it owns and/or operates (c) their financial accounts, including all Amazon.com, Inc. ("Amazon") and Context Logic, Inc. ("Wish"), accounts, and (d) the steps taken by that Defendant to comply with paragraph 1, a through g, above.

3.    The domain name registries for the Defendant Domain Names, including, but not limited to, Amazon, Wish, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

    a. unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court; or

    b. disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, Amazon, Wish, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using THE MOUNTAIN Trademarks, including any accounts associated with the Defendants listed in Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using THE MOUNTAIN Trademarks; and

    c. take all steps necessary to prevent links to the Defendant Domain Names identified in Schedule A from displaying in search results. This includes, but is not limited to, removing links to the Defendant Domain Names from any search index.

5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Amazon shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Amazon accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Wish shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    c. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Wish accounts connected to the information listed in Schedule A hereto; and

    d. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names are transferred to Plaintiff's control will redirect, or by sending an e-mail to the e-mail addresses identified in Schedule A

hereto; and any e-mail addresses provided for Defendants by third parties accompanied by a link to the website where the above-identified documents are located. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Plaintiff's Schedule A to the Complaint and the TRO are unsealed.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: June 22, 2022

_____
The Honorable Matthew F. Kennelly
U.S. District Judge

## **SCHEDULE A**

| No. | Defendant Name / Alias |
|---|---|
| 1 | chentianyu15855 |
| 2 | duanyaping39983 |
| 3 | gaoguohua97352 |
| 4 | hexiaodong11220 |
| 5 | huanping15804 |
| 6 | jinzhihao38805 |
| 7 | kongjun Store |
| 8 | lishanshan133 |
| 9 | liubaihang65800 |
| 10 | lixinran42164 |
| 11 | lvlin1211 |
| 12 | lvzixiang00775 |
| 13 | sunkanmming0518 |
| 14 | wangyingjie61906 |
| 15 | yangyue702566 |
| 16 | zhangli37534 |
| 17 | zhaojie76454 |
| 18 | huaiyinquyayibaihuofuzhuangdian |
| 19 | putianshimiaochuangriyongpindian |
| 84 | 2ccm |
| 85 | dinghaizhou91539 |
| 86 | gaosiying Store |
| 87 | ioklu |
| 88 | jinhong158 |
| 89 | lichenzhuang06944 |
| 90 | linsuruo9833 |
| 91 | lirunyu9876 |
| 92 | litaihua1456 |
| 93 | liuzeyu0519 |
| 94 | lizhengyang65589 |
| 95 | mengkecen70328 |
| 96 | shangjiankang77830 |
| 97 | slasodhuaosdb |
| 98 | wanghaibo521 |
| 99 | wangrui10412 |
| 100 | wangsong02667 |
| 101 | wangxiaoyan40212 |
| 102 | wangyusheng15202 |

| | |
|---|---|
| 103 | wxyasjkbsan |
| 104 | xujingwen767548 |
| 105 | xujun92547 |
| 106 | Xuliping98842 |
| 107 | yexiaoxiaer |
| 108 | yusuzhen7890 |
| 109 | yuyang49029 |
| 110 | zhangjun080 |
| 111 | Bin Bin Bin Boutique |
| 112 | CHU THI THUY ANH92347 |
| 113 | dongpoqugongkewangluofuwugongzuoshi |
| 114 | DONHAIP |
| 115 | **THIS DEFENDANT IS NOT INCLUDED** |
| 116 | Flying XIE |
| 117 | FromMorningToEvening |
| 118 | GLINTIME |
| 119 | GLVSZ(Ship from USA 7-15 days) |
| 120 | Gopack |
| 121 | huaiyinqushuangmulinbaihuofuzhuangdian |
| 122 | JQYMORE |
| 123 | jungedianmian |
| 124 | Lieboty |
| 125 | Lmtime |
| 126 | M-BYTONE |
| 127 | Onlyouniver |
| 128 | paitejializide |
| 129 | Rocket-Gid |
| 130 | SDFARAD |
| 131 | sGuanYu |
| 132 | VanShow |
| 133 | Xinchenengxue |